## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAYE L. STERTEN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-651 |
| | : | |
| OPTION ONE MORTGAGE | : | |
| CORPORATION, ET AL. | : | |

### MEMORANDUM OPINION AND ORDER

Savage, J.                                                                              March 22, 2007

The issue presented in this bankruptcy appeal is whether the "tolerances for accuracy" provision of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1605(f), which excuses lenders from liability for minimal understated finance charges, is an affirmative defense to a TILA claim that must be pled or it is waived. Reversing itself on reconsideration, the Bankruptcy Court ruled that the provision is an affirmative defense that the lender had waived by failing to raise it in its answer or at any time during the litigation.

The policy considerations underlying the provision, the Federal Rules, and the notion of an affirmative defense support the conclusion that the "tolerances for accuracy" provision is not an affirmative defense. Consequently, Option One did not waive its application to the TILA claim. Therefore, the Bankruptcy Court's January 4, 2006 Order to the contrary must be vacated and the case remanded for proceedings consistent with this memorandum opinion.

### The "Tolerances for Accuracy" Provision

The TILA requires lenders to disclose the cost of credit to borrowers as a dollar amount. This is done by disclosing the "amount financed" and the "finance charge," which

together constitute the "total of payments." 15 U.S.C. § 1638(a)(5).  These disclosure requirements prevent creditors from making interest rates appear lower than they are by camouflaging the interest charged in other fees incident to the loan closing.  *Cowen v. Bank United of Texas*, *FSB*, 70 F.3d 937, 940 (7th Cir. 1995).

The disclosure requirements are strict.  Failure to fully and accurately disclose has significant consequences.  A borrower may rescind a loan when there has been an improper disclosure. 12 C.F.R. § 226.23(a)(3).

The TILA and its implementing regulation, Regulation Z,[1] provide guidance as to what fees are included in and excluded from the finance charge.  Charges of someone other than the lender for services rendered in connection with the transaction are included in the finance charge.  However, Regulation Z specifically excludes certain real estate related fees from the finance charge, provided they are bona fide and reasonable.  12 C.F.R. § 226.4(c).  Among such excludable fees are those for appraisals, 15 U.S.C. § 1605(e)(5), 12 C.F.R. § 226.4 (c)(7)(iv), and notary services, 15 U.S.C. § 1605(e)(4), 12 C.F.R. § 226.4(c)(7)(iii).  Because only reasonable fees are excludable, any unreasonable amount must be included in the finance charge.  12 C.F.R. § 226.4(c)(7).

In 1995, in an effort to prevent plaintiffs from rescinding mortgage loans for minor disclosure violations, Congress amended the TILA to include a "tolerances for accuracy" provision.  15 U.S.C. § 1605(f).  This amendment was the Congressional response to the Eleventh Circuit's decision in *Rodash v. AIB Mortgage Co.*, 16 F.3d 1142, 1148 (11th Cir. 1994), that found that a $22 Federal Express fee that had been improperly categorized as

---

[1] Regulation Z was issued by the Board of Governors of the Federal Reserve System, which Congress expressly authorized to implement the Truth in Lending Act. 15 U.S.C. § 1604.

an amount financed instead of a finance charge violated the TILA.  141 Cong. Rec. H9513-01, H9514-15 (Sept. 27, 1995) (statements of Reps. Leach and Roukema).  Congress was concerned that the *Rodash* decision would subject the mortgage industry to "extraordinary liability" for minor mistakes and technical violations.  141 Cong. Rec. H9513-01, H9514-15 (Sept. 27, 1995) (statement of Rep. Leach).  Recognizing that such harsh results would not advance the TILA's protective purpose, Congress enacted § 1605(f).

The "tolerances for accuracy" provision specifies that a finance charge incident to a closed-end[2] mortgage transaction is accurate if the amount disclosed as the finance charge "does not vary from the actual finance charge by more than $100" or, for purposes of rescission, "does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended."  15 U.S.C. § 1605(f).  This safe harbor provision precludes creditor liability for insubstantial disclosure discrepancies.

## Background

In February 2001, Gayle Sterten ("Sterten") borrowed $132,000 from Option One Mortgage Corporation ("Option One") to refinance the mortgage loan on her home and consolidate medical and credit card bills. More than two years later, Sterten demanded rescission.  After Option One responded, disputing the right to rescind, Sterten filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern

---

[2] A closed-end credit plan is defined by exclusion.  "It includes any credit arrangement that does not fall within the definition of open-end credit." 12 C.F.R. pt. 226, Supp I, Subpart A, § 226.2(a)(11)-1.  "The term 'open end credit plan' means a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance."  15 U.S.C. § 1602(I); *See Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296 (3d Cir. 1978).

District of Pennsylvania.  Option One filed a secured proof of claim.  Sterten then initiated

an adversary proceeding against Option One, claiming that she never received a disclosure

statement or notice of right to cancel in violation of the TILA, and requesting rescission of

the loan.  Additionally, Sterten alleged that a number of the fees imposed by the broker,

the title insurance agency and Option One were unreasonable and not properly disclosed

as finance charges.  Sterten resolved her claims against the broker and the title company.

After a trial, the Bankruptcy Court determined  that Option One had complied with

the TILA's notice requirements, but had not included the unreasonable amounts of the

appraisal fee and notary fees in the finance charge.  *See* 12 C.F.R. § 226.4(c)(7).  Relying

on the TILA's "tolerances for accuracy" provision, the court found that despite this $57

discrepancy, the finance charges were "accurate as a matter of law."  *In re Sterten*, Bankr.

No. 03-14014, slip op. at 19 (Bankr. E.D. Pa.  Oct. 12, 2005) ("*Oct. 12, 2005 Bankr.*

*Mem.*").  Accordingly, it ruled that the plaintiff was not entitled to statutory damages or

rescission.

In her post-verdict motion, Sterten argued that a finance charge discrepancy that

falls within the scope of the TILA's "tolerances for accuracy" provision is an affirmative

defense that must be pleaded and proved.  She contended that because Option One did

not raise the provision in its answer or at any other time during the pendency of the

litigation, it had been waived.

The Bankruptcy Judge agreed with Sterten that the "tolerances for accuracy"

provision of the TILA was an affirmative defense that Option One had waived.

Consequently, he determined that because the $57 had not been included in the finance

charge, Option One had violated the TILA.  *In re Sterten*, Bankr. No. 03-14014, slip op. at

6-7 (Bankr. E.D. Pa.  Jan. 4, 2006).  He declared rescission, and awarded Sterten $2,000

in statutory damages and reasonable attorney's fees. *Id.*   Option One's appeal followed.[3]

## Standard of Review

Option One never specifically raised the "tolerances for accuracy" provision as an

affirmative defense during the adversary proceeding.  It did not plead the provision in its

answer, and did not refer to it in the parties' Joint Pre-Trial Statement, or its Proposed

Findings of Fact and Conclusions of Law.  Option One contends that the "tolerances for

accuracy" provision is not an affirmative defense.

Option One only challenges the Bankruptcy Court's legal determination that §

1605(f) is an affirmative defense that is waived if not pled.  Thus, because the issue does

not present a factual question but only a legal one, a *de novo* standard of review applies.[4]

## Analysis

The dispositive issue in this appeal is whether 15 U.S.C. § 1605(f) is an affirmative

defense to a TILA violation claim.  The starting point of the analysis is the definition of an

affirmative defense.

Federal Rule of Civil Procedure 8(c) requires a party responding to a pleading to

raise all enumerated affirmative defenses and "any other matter constituting an avoidance

---

[3] United States Bankruptcy Judge Kevin J. Carey presided over the trial and decided the plaintiff's motion for reconsideration.  After he was appointed a Bankruptcy Judge for the District of Delaware, this case was reassigned to United States Bankruptcy Judge Eric L. Frank.

After this appeal was filed, Judge Frank held a previously-scheduled remedy hearing to determine how to implement the rescission of the loan transaction. *In re Sterten*, 352 B.R. 380, 382 (Bankr. E.D. Pa. 2006). Judge Frank issued a Memorandum Opinion and Order outlining the terms of the rescission and awarding the plaintiff $19,500 in attorney's fees. *Id.*

[4] A district court reviews a bankruptcy court's findings of fact for clear error. *Am. Flint Gas Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).  Legal conclusions are subject to plenary review. *Id.*

or affirmative defense." Fed. R. Civ. P. 8(c). The scope of what falls into Rule 8(c)'s catchall "any other matter" clause is undefined. *See Brunswick Leasing Corp. v. Wisconsin Central, Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998).

An affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in her complaint are true. 2 James Wm. Moore et al., Moore's Federal Practice ¶ 8.07[1] (3d ed. 2006). In other words, assuming a plaintiff's factual allegations make out a cause of action, an affirmative defense bars it. On the other hand, a matter that merely negates an element of the plaintiff's prima facie case is not an affirmative defense. *Sanden v. Mayo Clinic*, 495 F.2d 221, 224 (8th Cir. 1974) (citations omitted).

Section 1605(f), the "tolerances for accuracy" provision, defines the parameters of an element of the TILA violation. It does not create a defense. Only if the total of the improper finance charges exceeds $100 is there a violation. In this case, the fees that were wrongly excluded from the finance charge did not exceed $100 and the finance charge is deemed accurate. Thus, there is no statutory violation.

If there is no violation, there is no cause of action. Absent a cause of action, no defense is necessary. Therefore, if a defendant lender pleads that it excluded only allowable charges from the finance charge, the "tolerances for accuracy" provision applies regardless of whether the lender specifically states it as an affirmative defense.

The Bankruptcy Court's ruling to the contrary was premised on language in a Sixth Circuit decision. In granting Sterten's motion for reconsideration, the Bankruptcy Court relied almost exclusively on *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002), a case in which the defendant argued that the "tolerances for accuracy" provision required

6

the TILA plaintiff to specifically allege in her complaint that the actual finance charge varied from the amount disclosed by more than $100.  Addressing the sufficiency of the plaintiff's pleading, not the defendant's, the *Inge* court held that § 1605(f) "does not impose an independent pleading hurdle for TILA plaintiffs."  *Id.* at 621.  In language unnecessary to its holding, the *Inge* court stated, "Congress' remedial purpose is best effectuated by construing the § 1605(f) tolerance provision as a *potential affirmative defense*, rather than as an essential element of a finance charge disclosure claim."  *Id.* (emphasis added).

The legislative history surrounding § 1605(f) dictates a different interpretation.  To hold Option One liable for statutory damages and allow Sterten to rescind the loan based on a minor discrepancy would produce a result that Congress intended to avoid when it amended the TILA to include the "tolerances for accuracy" provision.

In light of the facts of this case,  the policy underlying the concept of an affirmative defense would not be served by including § 1605(f) in the catchall definition of Rule 8(c).  The purpose of requiring a defendant to plead available affirmative defenses in its answer is to "avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."  *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002) (*citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)).   Sterten has not made any argument that she was prejudiced by Option One's failure to reference the "tolerances for accuracy" provision.

Had Option One pleaded § 1605(f) as a defense, it would not have changed Sterten's position in the litigation. In her complaint, Sterten alleged all disclosure violations she believed were attributable to Option One and the other defendants.  Sterten does not, and cannot, argue that had she been aware earlier that § 1605(f) was implicated, she

7

would have alleged more substantial violations by Option One.  Even if the plaintiff had asserted § 1605(f) in its answer, or at some point during the litigation, it would not have changed Sterten's course of action.  Therefore, the purpose served by early pleading of affirmative defenses would not have been advanced.

Option One's position throughout this litigation subsumes application of the "tolerances for accuracy" provision.  Option One has always maintained that it fully complied with the TILA's disclosure requirements. *App. of Option One Mortgage Corp*., at A-034 (*Answer of Option One Mortgage Corp. to Debtor's Compl.* ) ("[Option One] acted at all times relevant hereto in full compliance with all applicable laws and/or acts.")  It did not specifically allege the minimal nature of the disclosure misstatement because its position was that there was no violation.  In its answer, Option One raises the affirmative defense that Sterten had "failed to allege adequate cause for the relief sought in the Complaint" and that "Option One Mortgage Corporation acted at all times relevant hereto in full compliance with all applicable law and acts." *Id.*  These arguments gave the plaintiff sufficient notice of the "tolerances for accuracy" provision because they essentially aver that Option One did not violate the terms of the Act.  Option One's defense, as stated in its answer, was that there was no violation.  The Bankruptcy Court's original finding was that there was no violation because the amount of the improper charges did not rise to the level of one.

The Federal Rules of Civil Procedure are interpreted to ensure the "just, speedy, and inexpensive" resolution of an action.  Fed. R. Civ. P. 1.  The Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper

decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).  Prior to the filing of Sterten's motion to alter or amend, the Bankruptcy Court rendered a decision on the merits after evaluating the reasonableness of each contested fee.  To ignore the merits because a defendant failed to raise a technical provision in the statute forming the basis for the plaintiff's claims is a result the Rules seek to avoid.

The facts and arguments tending to show that there was no violation at all are the same as those showing the violation was minimal.  Sterten and Option One agreed that fees listed on the HUD-1 settlement statement were not included in the finance charge.  They disagreed over whether Option One's exclusion of those fees from the finance charge was proper.

In support of its contention that the fees were bona fide and reasonable, and therefore, properly excluded, Option One presented the testimony of Thomas Girone, an agent of the broker and the title insurance agency. *Oct. 12, 2005 Bankr. Mem.*, at 9-18. Girone was familiar with  Sterten's loan and was the only other person present at the closing. *Id.* at 2-3.  At trial, Girone explained the settlement fees, presented receipts for the charges incurred, and provided testimony that the charges were within the standard range for the services provided. *Id.* at 11-13.  Option One offered this evidence to prove its defense that all finance charge exclusions were proper.  It is the same evidence that would have been proffered to show that any inaccurate finance charge was within the $100 tolerance range.  Although the "tolerances for accuracy" provision was never mentioned, the facts pertinent to it were raised at trial and responded to by the plaintiff.

Affirmative defenses are generally waived if not pleaded in the defendant's answer or raised in an appropriate motion. *Elliot & Frantz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d

9

312, 321 (3d Cir. 2006) (citation omitted).  Because the TILA's "tolerances for accuracy" provision is not an affirmative defense, it is not necessary to consider whether the defense was waived by Option One's failure to raise it.

### Conclusion

Because the "tolerances for accuracy" provision is not an affirmative defense, the Bankruptcy Court's original verdict in favor of Option One was correct and should not have been disturbed.  Thus, this case will be remanded to the Bankruptcy Court for entry of judgment in favor of Option One and against Sterten consistent with the Bankruptcy Court's October 12, 2005, Memorandum and Order.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GAYE L. STERTEN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 06-651** |
| | : | |
| **OPTION ONE MORTGAGE** | : | |
| **CORPORATION, ET AL.** | : | |

## ORDER

**AND NOW**, this 22nd day of March, 2007, upon consideration of the Brief of Option One Mortgage Corporation (Document No. 7), the Brief of Appellee (Document No. 11), the Reply Brief of Option One Mortgage Corporation (Document No. 13), and after review of the record in the Bankruptcy Court, it is **ORDERED** that the Order of the Bankruptcy Court dated January 4, 2006 is **VACATED** and this matter is **REMANDED** to the Bankruptcy Court for entry of judgment in favor of appellant Option One and against appellee Sterten consistent with this memorandum opinion.

s/ Timothy J. Savage
TIMOTHY J. SAVAGE, J.